IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**DANA CLARK,**

    **Plaintiff,**

v.

                                                            Civil Action Number: 2:20-720

**WEXFORD HEALTH SOURCES, INC.;**
**SHERRY SPRINKEL; KIM PATON;**
**DR. DAVID PROCTOR; and JOHN/JANE DOES;**

    **Defendants.**

## **COMPLAINT**

    Comes now the Plaintiff, Dana Clark, by and through counsel, Stroebel & Stroebel, P.L.L.C., and for his complaint against the above-named Defendants, states as follows:

    1.    Plaintiff, Dana Clark (hereinafter, "Plaintiff"), is a citizen and resident of West Virginia that was incarcerated at the Huttonsville Correctional Center. Plaintiff was seriously injured on November 26, 2018 by another inmate and required medical attention. The Huttonsville Correctional Center operates under the authority of the West Virginia Department of Corrections and Rehabilitation (hereinafter "WVDOCR"). Mr. Clark is not incarcerated at the time this complaint is filed.

    2.    Defendant, Wexford Health Sources, Inc. (hereinafter "Wexford") is a health service business that contracted with the WVDOCR to provide such services. Defendant Wexford was responsible for providing proper and adequate care to the plaintiff. Defendant Wexford is an out of state corporation that does business throughout the Southern District of West Virginia. Defendants Kim Paton, Sherry Sprinkel and David Proctor, D.O. were employed by Defendant Wexford and had full knowledge of plaintiff's broken jaw at all relevant times herein. Defendants Proctor, Paton, Sprinkel and Wexford became aware of the injury on or about November 26, 2018. Despite this injury qualifying as an emergency, it was not until November 29, 2018 that Dr. Proctor obtained approval for referral to a specialist. Defendants further delayed and did not get an appointment scheduled until December 6, 2018. Defendant Sprinkel scheduled the appointment. Defendants were at all times acting under the color of state law.

3. John/Jane Doe were individuals employed by Defendant Wexford that were responsible for providing medical services and/or approving referrals and who were also aware of plaintiff's broken jaw. Defendant Does were at all times acting under the color of state law.

4. The deliberately indifferent conduct of the defendants directly resulted in plaintiff not being provided medical care for his broken jaw for an extended period of time. Plaintiff suffered the broken jaw from November 26, 2018 until December 21, 2018, when he finally received surgery. See Exhibit A. Plaintiff suffered severe and prolonged pain until he was able to obtain surgery on December 21, 2018. Plaintiff affirmatively asserts that this is not a medical malpractice action but an action pursuant to 42 USC § 1983 for deliberate indifference to a known serious medical need.

5. All events and occurrences alleged herein occurred in the State of West Virginia.

## FACTS

6. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 5 as if set forth herein.

7. At all times relevant herein, Plaintiff was an inmate at the Huttonsville Correctional Center.

8. As an inmate of the Huttonsville Correctional Center, Plaintiff was entitled to medical care for his broken jaw.

9. During Plaintiff's incarceration, Dr. David Proctor, Kim Paton, Sherry Sprinkel, John/Jane Doe, and Wexford, by and through its officers, agents and employees, willfully and knowingly failed to obtain timely treatment for plaintiff's broken jaw. Plaintiff's jaw was broken during an altercation with other inmates on or about November 26, 2018. Plaintiff's x-rays demonstrated a clear fracture on the same date. Defendant Wexford's records confirm that plaintiff's jaw was broken on November 26, 2018. See Exhibit B, 11-26-18 entry. Despite said knowledge, defendants failed to obtain approval for referral until November 29, 2018 as well as failing to follow the most basic and rudimentary intervention of having plaintiff seen by a specialist until December 6, 2018. *Id*. 11-26-18 and 12-6-18 entries. The specialist Dr, Bailey informed defendants that a CT scan needed to be performed ASAP. See Exhibit C. Despite being informed that a CT scan was needed ASAP, defendants did not schedule the CT until December 17, 2018, a full 11 days after being informed that it was needed "ASAP." Defendants did not make the CT

available for Dr. Bailey's review until December 19, 2018. Exhibit B. Defendants further exhibited their deliberate indifference when they did not authorize the surgery until December 21, 2018. See Exhibit B, 12-21-18 entry.

## COUNT I
### VIOLATIONS OF THE UNITED STATES CONSTITUTION
### DELIBERATE INDIFFERENCE
### (42 U.S.C. §1983)

10. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 9 as if set fully for herein.

11. Defendants, while acting under the color of state law, violated Plaintiff's constitutional rights through deliberate indifference to his safety, personal and medical needs, thereby resulting in plaintiff being subjected to a broken jaw without treatment or evaluation by a specialist for an extended period of time. The conduct of defendants is part of a pattern and practice of withholding timely medical treatment when the treatment must be provided by an outside physician or hospital. Moreover, defendants are guilty of a pattern of ignoring broken bones suffered by inmates. Defendants had full knowledge that plaintiff's injury presented an emergency that required prompt attention and intervention.

12. The actions of Defendants violated the constitutional rights guaranteed to Plaintiff under the Eighth Amendment to the United States Constitution. Such conduct is actionable pursuant to 42 United States Code § 1983.

13. The actions of Defendants were not taken in good faith and were in violation of plaintiff's constitutional rights. Defendants would have known that their conduct was a violation of plaintiff's constitutional rights as a result of legal precedent and their training. Defendants were further on notice that plaintiff was suffering severe and constant pain. Each of the defendants were on notice that plaintiff's assessment and treatment was being unnecessarily delayed and that the delay placed plaintiff at serious medical risk as well as placing him in constant and severe pain.

14. Defendants violated Plaintiff's constitutional rights as a prisoner in WVDOCR custody under the Eighth Amendment to the United States Constitution as described and identified herein, by carrying out a policy or custom of withholding outside medical care or treatment or any medical care for plaintiff's broken jaw. Defendants are routinely and have a history of following a policy or custom of not providing timely treatment. Moreover, the delay complicated plaintiff's

corrective surgery because a callous had formed and had to be broken up (i.e. the fracture had begun to heal).

15. Defendant Wexford has a policy that required approval from its home office for hospital/specialist referrals despite having knowledge that the policy, routinely and in this case specifically, resulted in undue delay of treatment and excessive risks and pain to the inmate. Plaintiff has been damaged as a result and seeks all compensatory and punitive damages allowed by law.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS/OUTRAGEOUS CONDUCT

16. Plaintiff realleges and incorporates paragraphs 1 through 15 above as if fully set forth herein.

17. Defendants' conduct as described above, was carried out without just cause and was outrageous and intentional, proximately causing Plaintiff to suffer pain, severe emotional distress, humiliation, embarrassment, mental distress and loss of personal dignity.

18. Defendants knew that the failure to timely obtain medical care was reasonably certain to cause severe pain and emotional distress. Despite said knowledge, defendants conducted themselves in an unlawful manner when they failed to timely transport and refer plaintiff for medical care and treatment. Defendant Wexford also has an approval policy that unnecessarily and unduly delays treatment and assessment. Such conduct amounts to cruel and unusual punishment and is outrageous.

19. Defendants and Defendant Does were acting within the scope of their employment and apparent authority at all times relevant herein.

20. As a result of the aforementioned conduct, Plaintiff has suffered severe mental anguish, embarrassment, humiliation and physical injury and has otherwise been greatly damaged through defendants' violation of his rights and is therefore entitled to compensatory damages as well as punitive damages against all defendants.

WHEREFORE, for the reasons set forth in this Complaint, and for such other and further reasons as are apparent to this Honorable Court, Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendants, jointly and severally, and requests that the Court award damages including, but not limited to, physical injury, medical expenses, damages for emotional and mental distress and punitive damages, court costs, pre-judgment interest, post-judgment interest, attorney's fees and expenses.

PLAINTIFF DEMANDS A TRIAL BY JURY.

DANA CLARK,
By Counsel,

/s/ Paul M. Stroebel
Paul M. Stroebel, Esquire (WV BAR 5758)
Stroebel & Stroebel, P.L.L.C.
P.O. Box 2582
Charleston, WV 25329