UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

DANA CLARK,

    Plaintiff,

v.                           Civil Action No. 2:20-cv-00720

DR. DAVID PROCTOR and
JOHN/JANE DOES,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is defendant Dr. David Proctor's ("Dr. Proctor") motion, filed October 8, 2021, to seal various exhibits attached to his motion for summary judgment.

Plaintiff Dana Clark ("Clark") filed this action in this court on October 30, 2020. See Compl., ECF No. 1. Clark alleged that his "jaw was broken during an altercation with other inmates on or about November 26, 2018." Id. ¶ 9. Clark, who is no longer incarcerated, id. ¶ 1, claimed that Dr. Proctor "willfully and knowingly failed to obtain timely treatment for [his] broken jaw," id. ¶ 9.[1] Thus, Clark advanced claims against Dr. Proctor under 42 U.S.C. § 1983 (Count I) and for intentional infliction of emotional distress (Count II). Id. ¶¶ 10-20.

---

[1] Clark stipulated to the dismissal of three other defendants against whom he also filed suit. ECF No. 46.

The Local Rules of Civil Procedure for the Southern District of West Virginia provides as follows:

> The rule requiring public inspection of court documents is necessary to allow interested parties to judge the court's work product in the cases assigned to it. The rule may be abrogated only in exceptional circumstances.

L.R. Civ. P. 26.4(c)(1); accord Columbus-America Discovery Grp. v. Atlantic Mut. Ins. Co., 203 F.3d 291, 303 (4th Cir. 2000) ("Publicity of [court] records . . . is necessary in the long run so that the public can judge the product of the courts in a given case."). The Local Rules of Civil Procedure require a party seeking to seal documents to submit a memorandum of law containing:

> (A) the reasons why sealing is necessary, including the reasons why alternatives to sealing, such as redaction, are inadequate;
>
> (B) the requested duration of the proposed seal; and
>
> (C) a discussion of the propriety of sealing, giving due regard to the parameters of the common law and First Amendment rights of access as interpreted by the Supreme Court and our Court of Appeals.

L.R. Civ. P. 26.4(c)(2). The court assumes that only the common law is implicated here. Cf. Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 606-07 (1982) (stating that, to overcome the First Amendment right of access, "it must be shown that the denial is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest").

The sealed exhibits are attached to Dr. Proctor's motion.  See ECF No. 41, attachments.  Dr. Proctor did not fulfill the first two directives required by Rule 26.4(c)(2).  His memorandum of law does not state why an alternative to sealing is inadequate or provide a requested duration of the seal.  See generally Proctor Mem. Supp.

Nor does Dr. Proctor show "exceptional circumstances," L.R. Civ. P. 26.4(c)(1), to overcome the common-law presumption favoring access to litigation documents, Va. Dep't of State Police v. Wash. Post, 386 F.3d 567, 575 (4th Cir. 2004).  Dr. Proctor submits that the documents he seeks to seal "were marked confidential in discovery" and contain information about "[Clark's] private health information."  Proctor Mem. Supp. 3.

That the parties deemed the documents confidential for purposes of exchanging discovery material is largely irrelevant.  "Once the documents are made part of a dispositive motion, such as a summary judgment motion, they lose their status of being 'raw fruits of discovery.'"  Rushford v. New Yorker Mag., Inc., 846 F.2d 249, 252 (4th Cir. 1988) (quotation marks omitted) (quoting In re "Agent Orange" Prod. Liab. Lit., 98 F.R.D. 539, 544-45 (E.D.N.Y. 1983)).  Dr. Proctor must explain why the documents should be sealed.  Simply marking them as confidential during discovery is not enough.

Moreover, Dr. Proctor asserts merely that the medical records "are not voluminous in nature . . . and do not contain any information which would be of particular importance to the public." Proctor Mem. Supp. 3. Yet, the public has a strong interest in access to court documents. See L.R. Civ. P. 26.4(c)(1); Columbus-America Discovery Grp., 203 F.3d at 303; Wash. Post, 386 F.3d at 575. That interest cannot be abrogated on the basis of volume or conclusory statements about importance. Thus, Dr. Proctor's conclusory statements about the medical records fall far short of a significant countervailing interest to outweigh the public's common-law right of access to court documents. See Lavinder v. Mut. of Omaha Ins. Co., No. 2:15-cv-15514, 2016 WL 7320886, at *3 (S.D. W. Va. Dec. 15, 2016) (denying a motion to seal medical records where moving party failed to address all three required factors and offered only conclusory statements in support).

Accordingly, for the foregoing reasons, it is ORDERED that Dr. Proctor's motion to seal be, and hereby is, denied. It is further ORDERED that the documents attached to Dr. Proctor's motion to seal, ECF No. 41, be, and hereby are, unsealed and spread upon the public record.

The Clerk is requested to transmit copies of this memorandum opinion and order to all counsel of record and any unrepresented parties.

                        **ENTER:** November 9, 2021

                        John T. Copenhaver, Jr.
                        Senior United States District Judge